1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHADERICK A. INGRAM,

11           Plaintiff,                    No. 2:12-cv-01233 JAM KJN PS

12       v.

13   CITY OF SACRAMENTO, et al.,

14           Defendants.          FINDINGS AND RECOMMENDATIONS
     _____/

15

16           On May 8, 2012, defendant City of Sacramento removed this case from the

17   Sacramento County Superior Court to this court (Dkt. No. 2).  Plaintiff Chaderick Ingram is

18   proceeding without counsel.[1]

19           The court takes judicial notice of the proceedings in United States v. Ingram,

20   2:10-cr-00014 MCE-1 (E.D. Cal.), and Ingram v. Grant Joint Union High School Dist., et al.,

21   2:08-cv-02490 KJM DAD (E.D. Cal.).  See Fed. R. Evid. 201.[2]  In the criminal case, Mr. Ingram

22

23       [1]  This action proceeds before the undersigned pursuant to Eastern District of California
     Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

24

25       [2]  The court may take judicial notice of filings in state court actions where the state court
     proceedings have a direct relation to the matters at issue.  See, e.g., Betker v. U.S. Trust Corp. (In
26   re Heritage Bond Litig.), 546 F.3d 667, 670 n.1, 673 n.8 (9th Cir. 2008); Bias v. Moynihan, 508 F.3d
     1212, 1225 (9th Cir. 2007); see also Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746

                                          1

1   was declared incompetent and un-restorable on the basis of mental health issues.  (See United

2   States v. Ingram, No. 2:10-cr-0014 MCE-1, Dkt. Nos. 32, 39, 40.)  In the civil action, Mr. Ingram

3   was represented by counsel, and a guardian ad litem was appointed for Mr. Ingram following the

4   declaration of incompetence in the criminal action.  (See Ingram v. Grant Joint Union High

5   School Dist., et al., 2:08-cv-02490 KJM DAD, Dkt. Nos. 87-88.)

6          In this action, Mr. Ingram is neither represented by counsel nor has a guardian ad

7   litem been appointed.  It appears from his pleading that there has been no change in his mental

8   health status since the filing of the declaration of incompetence in the criminal case.  Indeed, the

9   complaint acknowledges that Mr. Ingram is "mentally disabled."  (See, e.g., Compl. at 1, 28.)

10  An incompetent person can only proceed in federal court if represented by counsel.  See Osei-

11  Afriyie v. Med. College of Penn., 937 F.2d 876, 883 (3d Cir. 1991) ("It goes without saying that

12  it is not in the interest of minors or incompetents that they be represented by non-attorneys.")

13  (citation omitted), quoted approvingly in Johns v. County of San Diego, 114 F.3d 874, 877 (9th

14  Cir. 1997) (holding that "a parent or guardian cannot bring an action on behalf of a minor child

15  without retaining a lawyer"); see also William W. Schwarzer et al., Cal. Practice Guide: Fed.

16  Civ. Porc. Before Trial § 7:41 (The Rutter Group 2011) ("A nonattorney parent or guardian

17  cannot bring a lawsuit or defend an action in federal court on behalf of a minor or incompetent

18  without retaining a lawyer") (citations omitted).

19         Based on the foregoing, IT IS HEREBY RECOMMENDED that:

20         1.      This case be dismissed without prejudice; and

21         2.      All dates in this case be vacated and this case be closed.

22         These findings and recommendations are submitted to the United States District

23  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen

24  days after being served with these findings and recommendations, any party may file written

25  _____

26  n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public
    record.").

2

objections with the court and serve a copy on all parties. Id.; see also E. Dist. Local Rule 304(b).
Such a document should be captioned "Objections to Magistrate Judge's Findings and
Recommendations." Any response to the objections shall be filed with the court and served on
all parties within fourteen days after service of the objections. E. Dist. Local Rule 304(d).
Failure to file objections within the specified time may waive the right to appeal the District
Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d
1153, 1156-57 (9th Cir. 1991).

       IT IS SO RECOMMENDED.

DATED: May 14, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE